**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ANNE JONES, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:17-cv-199 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY, | § | **(JURY)** |
| INSURANCE COMPANY | § | |
| | § | |
|    Defendant. | § | |

**PLAINTIFF'S AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Anne Jones ("Ms. Jones") files this Amended Complaint against Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and, in support of her causes of action, would respectfully show the Court the following:

**I.**
**THE PARTIES**

1. Anne Jones is a Texas resident who resides in Collin County, Texas.

2. Allstate is an insurance company doing business in the State of Texas and has already been served in this matter.

**II.**
**JURISDICTION AND VENUE**

3. This court has subject matter jurisdiction of this cause pursuant to 28 U.S.C. § 1332.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas, Sherman Division.

# III.
# FACTUAL BACKGROUND

5. Ms. Jones resides in a home located at 7920 Kodak Dr, Plano, TX 75025. She is a named insured under a property insurance policy issued by Allstate, Policy No. 829927043, effective October 14, 2015 through October 14, 2016.

6. On the evening of March 23, 2016, a severe storm producing 1.75-inch sized hail and high winds heading in a westerly direction, struck the Plano, Texas area. The storm damaged Ms. Jones' house, namely the roof, roof metals, awnings, patio cover, exterior and other property. Ms. Jones subsequently filed a claim on her insurance policy, Claim No. 0437862550.

7. On or about December 7, 2016, Allstate adjusters Cam Stafford and Charles Plaia inspected Plaintiff's residence. Stafford and Plaia conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages that they did observe and document during the inspection.

8. For example, according to Stafford's report, he found numerous signs of hail damage to the property, including damage to the roof's flashing, fascia, gutters, downspouts, metal roof, fence and a pre-fabricated shed. He also identified interior water damage in the living room area.

9. Despite finding evidence of hail damage to virtually every exposed surface of Plaintiff's property, Allstate's adjusters managed to ignore evidence of hail damage to Ms. Jones' roofing shingles (evidently justifying their findings, at least in part, on an inaccurately portrayed storm direction in their rooftop sketch). Despite the damages to Plaintiff's property, Stafford and Allstate assessed the cost of repairing Ms. Jones' dwelling at $3,481.15, just $29.15 greater than her deductible amount.

10. Frustrated with the outcome of the claim, Ms. Jones tried to obtain a reinspection from Allstate.

11. By letter dated January 12, 2017, another Allstate adjuster named Kelly Prawdzik formally denied the reinspection request on the basis that a "quality assurance manager" (Plaia) was on-site during the original inspection along with Stafford.

12. Prawdzik also confirmed that Allstate would not reconsider her claim, informing Ms. Jones that no hail damage was found on any of the slopes of her roof despite the contrary being true. Indeed, Prawdzik told Ms. Jones in the letter that the roof merely showed "signs of granular loss and blistering."

13. Allstate's outcome-oriented investigation of Ms. Jones' claim resulted in a biased, unfair and inequitable evaluation of her losses on the property.

## IV.
## CAUSES OF ACTION

14. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.  Breach of Contract**

15. Allstate had a contract of insurance with Plaintiff. Allstate breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.  Prompt Payment of Claims Statute**

16. The failure of Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

17. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

C. **Bad Faith/Deceptive Trade Practices Act ("DTPA")**

18. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

19. Defendant violated Section 541.051 of the Texas Insurance Code by:

    (1) making statements misrepresenting the terms and/or benefits of the policy.

20. Defendant violated Section 541.060 by:

    (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

21. Defendant violated Section 541.061 by:

    (1) making an untrue statement of material fact;

    (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

  (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

  (4) making a material misstatement of law; and

  (5) failing to disclose a matter required by law to be disclosed.

22. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

23. Defendant has violated the Texas DTPA in the following respects:

  (1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

  (2) Allstate failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

  (3) Allstate, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Allstate took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

24. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.     Attorneys' Fees**

25. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

26. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because she is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

27. Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## V.
## CONDITIONS PRECEDENT

28. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Anne Jones prays that, upon final hearing of the case, she recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Ms. Jones be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such

other and further relief, general or special, at law or in equity, to which Ms. Jones may show herself to be justly entitled.

        Respectfully submitted,

        **DALY & BLACK, P.C.**

        By:   /s/ William X. King
             Richard D. Daly
             State Bar No. 00796429
             William X. King
             State Bar No. 24072496
             David L. Bergen
             State Bar No. 24097371
             2211 Norfolk St., Suite 800
             Houston, Texas 77098
             713.655.1405—Telephone
             713.655.1587—Fax
             rdaly@dalyblack.com
             wking@dalyblack.com
             dbergen@dalyblack.com
             **ATTORNEYS FOR PLAINTIFF**
             **ANNE JONES**


## **CERTIFICATE OF SERVICE**

I hereby certify that on Monday, May 01, 2017, a true and correct copy of the foregoing was served via the court's ECF system, facsimile and/or email to all counsel of record in accordance with the Federal Rules of Civil Procedure.

David G. Allen
STACY & CONDER, LLP
901 Main Street, Suite 6200,
Dallas, Texas 75202
Tel: (214) 748-5000
Fax: (214) 748-1421
allen@stacyconder.com
**ATTORNEYS FOR DEFENDANT**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY**

          /s/ *William X. King*
          William X. King